UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DANIELLE DENAE BETTS,<br><br>                Petitioner,<br>    v.<br><br>PIERCE COUNTY JAIL,<br><br>                Respondent. | Case No. 3:18-cv-05326-RBL-TLF<br><br>REPORT AND RECOMMENDATION<br><br>**Noted for: June 22, 2018** |

Petitioner Danielle Denae Betts has filed a proposed petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 and a motion for leave to proceed *in forma pauperis* (IFP). Dkt. 1, 3. The undersigned recommends that the action be DISMISSED without prejudice and without leave to amend because any further amendment would be futile.

**DISCUSSION**

Petitioner is in pretrial custody at Pierce County Jail. Her petition is brief. As the first and only ground for habeas relief, she writes, "Time limit to extradict, and brought to trial." In the space for supporting facts for this ground, she writes: "Upon arrest and incarceration, 120 day deadline upon recieved Governors warrant was not recieved. Has prejudice [sic]." Dkt. 1-1, p. 5. She requests as relief the "Dismissal of untried indictment and extridition with prejudice [sic]." Dkt. 1-1, p. 15.

1    Petitioner thus appears to allege that the State has not followed certain procedures under
2    Washington's Uniform Extradition Act, RCW 10.88, and to ask as a consequence that this Court
3    dismiss her indictment and the extradition proceedings.

4    Petitioner seeks this Court's intervention in ongoing state criminal matters. Federal courts
5    generally will not intervene in pending state criminal proceedings absent extraordinary
6    circumstances where the danger of irreparable harm is both great and immediate. *See Younger v.*
7    *Harris*, 401 U.S. 37, 53–54 (1971). "[O]nly in the most unusual circumstances is a defendant
8    entitled to have federal interposition by way of injunction or habeas corpus until after the jury
9    comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v.*
10   *Cox*, 457 F.2d 764, 764–65 (9th Cir. 1972). Petitioner here makes no showing of extraordinary
11   circumstances that would justify the Court's intervention in her ongoing state criminal
12   proceedings.

13   Accordingly, the undersigned recommends that petitioner's pending IFP application be
14   STRICKEN and this matter be DISMISSED without prejudice. The Court recommends
15   petitioner not be afforded an additional opportunity to amend her petition because "it is
16   absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corrections*, 66 F.3d
17   245, 248 (9th Cir. 1995).

18   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
19   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.
20   6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*
21   review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver
22   of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v.*
23   *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit
24
25

1  imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 22, 2018**

2  as noted in the caption.

3      Dated this 4th day of June, 2018.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge